## CADY et al. v. DONNELLY.
### No. 4122.

Court of Civil Appeals of Texas. Texarkana.
Feb. 12, 1932.

Rehearing Denied March 3, 1932.

338

J. M. Willis and C. F. Clark, both of Fort Worth, for appellants.

Clay Cooke, of Fort Worth, for appellee.

WILLSON, C. J. (after stating the case as above).

■ The evidence on behalf of appellee was that he was employed by his father, W. W. Donnelly, acting for the firm of Brown, Cady & Donnelly, to work for said firm on certain oil wells, among them being one known as "No. 42" in Crockett county. At the trial appellants insisted, and they insist here, that it appeared from the evidence that appellant Brown alone was authorized to act for the firm in employing persons to work for it, and insist, further, that the employment of appellee by W. W. Donnelly therefore was unauthorized and not binding on the firm. It may be it appeared appellant Brown had such exclusive authority as between him and his partners, but it did not appear, if he had such authority, that appellee knew he had it. Therefore it cannot be said that appellee's rights were affected by the limitation the partners placed on their respective powers as such. 47 C. J. 826, 833.

At the trial in the court below appellants insisted, and they insist here, that it appeared from undisputed evidence that said W. W. Donnelly and not said firm owned said well No. 42, and hence that work done on that well by appellee was done for said W. W. Donnelly and not for said firm. As we construe the evidence with reference to that matter it was conflicting, and the finding of the jury that the operation of that well was by the firm "from the time it was spudded in until the appointment of the receiver" was warranted.

■ One of the grounds of appellants' motion for a new trial was that after the trial was concluded they discovered evidence they could produce on another trial which, when produced, would conclusively establish the correctness of their contention that said well No. 42 was operated by said W. W. Donnelly during the time appellee claimed he worked thereon. The "newly discovered evidence," it appeared from affidavits of appellant Brown, appellant White, and their attorney J. M. Willis, made a part of the motion, consisted of a writing dated March 8, 1929, signed by said appellant Brown and said W. W. Donnelly, intended to evidence an agreement, never consummated, between them, in which was a recital that said W. W. Donnelly agreed "to assign and transfer (quoting) interest owned by him individually in one drilling well in Crockett County and one well to be drilled in Crockett County and also first party's (W. W. Donnelly's) interest in well now drilling in Section 22, Block 2, Throckmorton County, Texas, these interests having heretofore belonged personally to the party of the first part (said W. W. Donnelly) and Brown, Cady & Donnelly having no interest whatsoever therein." It was asserted in the motion, but not otherwise shown, that said well No. 42 was one of the wells referred to as in Crockett county in the excerpt just set out above from said unconsummated agreement. We think the action of the trial court in overruling the motion was not erroneous. It appeared in the affidavits referred to that appellants Brown and Cady, though inattentive to and forgetful of the fact, knew of the drafting and signing of the agreement at the time same occurred, and appeared, further, that said agreement as a matter of fact, which he had forgotten, was in the possession of said attorney at the time of the trial. We are inclined to think the trial court had a right to overrule the motion on the ground that it did not appear that the writing was "newly discovered" within the rule invoked (46 C. J. 243 et seq.) and that, if it so appeared, it did not appear that appellants had exercised diligence they should have used to discover and offer the writing as evidence at the trial. But if the court did not have a right on either of the grounds stated to overrule the motion, we think it is clear he did on the ground that the writing, had it been produced and offered as such, would not have been admissible as evidence.

■ It appeared that automobiles used by appellee in doing the work he was employed to do cost him $1,550. It appeared, further, that in doing said work, appellee drove the automobiles 43,000 miles, and that $2,150 of the $3,150 adjudged to him was on account of use made of the automobiles. In their sixth assignment of error appellants insist the judgment so far as it was in appellee's favor for the $2,150 was excessive, on the theory advanced in the assignment that the recovery by appellee on account of the use of the automobiles should not in any event have been for a sum greater than the cost

of the automobiles. Plainly, we think, the cost of the automobiles to appellee was of no importance in determining the amount appellee was entitled under his contract with Brown, Cady & Donnelly to recover for use he made of the automobiles. If the automobiles had not cost him anything, he still, by the terms of the contract, would be entitled to recover 5 cents a mile for the number of miles he drove same in doing work he had bound himself to do for said Brown, Cady & Donnelly. It is insisted, further, in a proposition under said sixth assignment, that it appeared a part of the 43,000 miles the automobiles were driven was by appellee in the service of one Moncrief, and that the recovery of $2,150 against appellants therefor was necessarily excessive. The evidence pointed out as supporting the contention was that of appellee as a witness that he drove the automobiles in service he rendered said Moncrief, and "that it would be hard to say" how far he drove same in such service. But there was evidence that Brown, Cady & Donnelly owned an interest in the oil operations of said Moncrief, and we cannot say from the record that the jury did not have a right to conclude that the service appellee testified he rendered for Moncrief was not service he was bound to render under the terms of his contract with said Brown, Cady & Donnelly.

In their third assignment of error appellants insist it appeared that one J. D. Young paid the salary of appellee for the months of "either October or December, 1928," to his (appellee's) father, and in a proposition under the assignment insist that the recovery had by appellee was a double one and excessive so far as it was for the amount ($150) paid by Young. If the payment of the $150 to appellee's father should be treated as a payment to him (appellee), we do not think it should be held that the judgment as finally rendered in appellee's favor was excessive, for as shown in the statement above that judgment by remittitur made was for $1,750 less than the amount it was for when it was. first rendered.

The contention made that fundamental error existed in the fact that the prosecution by intervention of appellee's suit against appellant was permitted to proceed to the judgment appealed from, pending the suspension of proceedings in the main suit, due to the death of W. W. Donnelly, the sole plaintiff therein, is overruled, although some doubt is entertained as to the correctness of the ruling. No satisfactory reason why a ruling to the contrary should be made has been suggested to us and we have thought of none.

■ We think the judgment appears to be erroneous only so far as it undertakes to do more than to establish the claim and the amount thereof of appellee as against appel-

lant H. H. White in his capacity as receiver of the firm of Brown, Cady & Donnelly and Tom Brown and Lee Cady as members thereof. It will be reformed accordingly, without prejudice to the right in the court below to take such action as may be proper, in view of the existence of claims of other creditors of Brown, Cady & Donnelly, to classify and pay the claims of appellee and such other creditors in the way required by law.

On Motions of the Parties.

The motion of appellants for a rehearing is overruled. The motion of appellee to "clarify" the last paragraph of the opinion of January 28, 1932, is granted so far as it can be construed as denying to appellee a right to execution against appellants Brown and Cady, and is overruled so far as it is to have the judgment of this court run against the firm of Brown, Cady & Donnelly. The judgment of the court below as entered was not against said firm, but was only against two members thereof, to wit, said Brown and Cady, and the receiver H. H. White.